# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ex rel., ) <br> ) <br> Plaintiff(s), ) <br> ) <br> vs. ) <br> ) <br> GALLIANO, LLC, et al., ) <br> ) <br> Defendant(s). ) <br> ) | Case No. 2:15-cv-01688-LDG-NJK <br><br> ORDER |

On March 19, 2018, the Court ordered the parties to file a joint proposed pretrial order by March 26, 2018. Docket No. 74. The parties failed to comply. Instead, after business hours on March 27, 2018, they filed a status report indicating that they would instead file the joint proposed pretrial order on March 30, 2018. Docket No. 75. Based on the attorneys' misplaced belief that they are entitled to grant themselves relief from a Court order, the Court issued an order for them to show cause why they should not be sanctioned for failing to comply with the March 26, 2018 deadline, as ordered. Docket No. 76. A response to the order to show cause has now been filed. Docket No. 77.

The gist of the response to the order to show cause is that the parties have been diligently trying to draft a joint proposed pretrial order and need more time to do so, and that they were remiss in failing to "advise" the Court of their diligence by March 26, 2018. Docket No. 77 at 2. The parties do not appear to comprehend the issue currently before the Court. Orders are not suggestions, they are directives with which compliance is mandatory. *See, e.g.*, *Chapman v. Pacific Tel. & Tel. Co.*, 613 F.2d 193, 197 (9th Cir. 1979). That universal truth is no different for orders setting deadlines. *See, e.g.*,

*Martin Family Trust v. Heco/Nostalgia Enters. Co.*, 186 F.R.D. 601, 604 (E.D. Cal. 1999) ("'Calendars are simply too crowded for parties to treat scheduling orders as optional' and to submit required court filings 'at their own convenience'" (quoting *Robson v. Hallenbeck*, 81 F.3d 1, 4 (1st Cir. 1996)). That some reason may exist that made it difficult to meet a deadline does not excuse the failure to do so. *Id.* at 603-04; *see also U.S. Bank N.A. v. SFR Investment Pools 1, LLC*, 2018 WL 701816, at *4 (D. Nev. Feb. 2, 2018) ("If a deadline cannot be met, the proper course is most assuredly not to simply ignore an order").

In this case, the parties violated the Court's order setting a deadline and filed an untimely status report purportedly granting themselves an extension. Although it should be obvious, the Court reminds counsel that they are not permitted to grant themselves relief from a Court order, even if they stipulate to that relief. *See, e.g.*, Local Rule 7-1(b). Moreover, no justification has been provided why the parties failed to seek that relief by filing a proper request before the subject deadline expired.[1]

While the parties fail to provide any reasonable justification for their failure to comply with a clear Court order and monetary sanctions could be imposed, *see* Fed. R. Civ. P. 16(f), the Court declines to do so in this instance. The Court **CAUTIONS** the parties and their attorneys, however, that strict compliance with all orders is required moving forward. Moreover, given that counsel appear to not fully understand their duties to comply with orders setting deadlines, the three attorneys who signed the response to the order to show cause (Docket No. 77) shall each read in its entirety Judge Burrell's decision in *Martin Family Trust v. Heco/Nostalgia Enterprises Co.*, 186 F.R.D. 601 (E.D. Cal. 1999) (imposing monetary sanctions for failing to comply with an ordered deadline). Those attorneys shall file certifications that they have read that decision by April 10, 2018.

IT IS SO ORDERED.

DATED: April 3, 2018

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] The proper way to seek relief jointly is by filing a stipulation for the Court's review in compliance with the local rules. *See* Local Rule 7-1; *see also* Local Rule IA 6-2; *but see* Docket No. 77 at 3 (seeking an extension of the subject deadline without filing a proper stipulation).